# Judith Weber, Plff. in Err., *v.* William F. Detwiller.

Where the record of a former judgment shows that the justice before whom the judgment was obtained had jurisdiction of the subject-matter and of the parties, the question of the liability of one of the defendants, a married woman, for the debt upon which the judgment was entered, cannot be retried on a scire facias to revive the judgment.

(Argued March 9, 1887. Decided March 21, 1887.)

July Term, 1886, No. 133, E. D. All the Judges present.

NOTE.—Ordinarily no defense can be made to a sci. fa. to revive a judgment on the merits of the claim. Kincade v. Cunningham, 118 Pa. 501, 12 Atl. 410; Trader v. Newcomer, 182 Pa. 233, 37 Atl. 812; Sayers v. Bayard,

Error to the Common Pleas of Northampton County to review a judgment for plaintiff, for want of a sufficient affidavit of defense in an action of sci. fa. to revive a judgment. Affirmed.

At the trial in the court below, before SCHUYLER, P. J., the following facts appeared:

This was a sci. fa. by William F. Detwiller, to revive a judgment against Samuel R. Weber and Judith his wife, for the alleged debt of the wife. The judgment was obtained originally before a justice of the peace, from whose docket the following transcript was filed in the court of common pleas, August 30, 1877:

"Served on oath by producing the original summons to the defendants and informing them of the contents thereof, Dec. 9. Now, Dec. 14, parties appear. Case continued to the 23d inst. at 4 o'clock P. M. Dec. 23, parties appear. Plaintiff claims $89.12 for medicine and medical attendance for the family. Defendant objects to $30, which amount was for his son's sickness, and a set-off for carpenter work done for plaintiff. Plaintiff admits there is an offset. Deft. is required to produce his book of original entries. Adjourned to Jan. 6, 1877, at 8 o'clock A. M. Parties met again; defendant produced his book, set-off $18.18; found correct and corresponding with plaintiff's book up to a certain date and year, the balance of $60.81, for which amount there were no original entries and could not make affidavit to it. Plaintiff produced his books where original entries were kept. $36.44 were taken as correct. Defendant's offset, $54.62, in full, leaving a balance in favor of plff. of $4.50, and $30, with $12.60 interest, amount $47.10; this debt had been contracted by the deft., Judith Weber, for necessaries, to wit, medical attendance furnished by the plaintiff; to the use of the family of said Judith Weber. Jan. 13, judgment rendered in favor of plaintiff and against defendants for the sum of $47.10, with costs of suit. Execution issued Aug. 7, 1877. Returned 'No Goods.' "

Judith Weber filed the following affidavit of defense:

"Judith Weber, one of the defendants, being duly sworn according to law, says that she is one of the defendants in the

8 Pa. Super. Ct. 174. But payment may be shown (Smith v. Coray, 196 Pa. 602, 46 Atl. 855), or set-off of a claim of the same grade (Filbert v. Hawk, 8 Watts, 443; Perkins v. Coray, 196 Pa. 608, 46 Atl. 1103).

above-stated case, and that she at the hearing of the case was not indebted to the said plaintiff, in any manner whatever; that she never entered into a contract with the said plaintiff for medical attendance or family necessaries; that the plaintiff's book of original entries contains no charges against this deponent of any kind; that Jacob Nickum, the justice of the peace, called on this deponent and urged her to sign a revival of the said judgment, and that then for the first time she learned that there was a judgment against her; that at the time of the hearing of the case before Justice Nickum, the plaintiff's claim was outlawed, and that that plea was made to the justice by Samuel R. Weber, the husband of this defendant, but that the justice would not pay any attention to the said statement; that this deponent never was summoned to appear before Justice Nickum in the said case, and therefore had no hearing before the said justice; that this deponent never was nor is she now indebted to the said plaintiff; that she has a just and legal defense against the revival of the said judgment; all of which she is able to prove to the satisfaction of the court if she will be permitted to do so."

A supplemental affidavit was as follows:

Judith Weber, one of the defendants above named, being duly sworn according to law, says that she has a just and valid defense to the whole of plaintiff's claim in the above-entitled action of scire facias, and to the original action, by the plaintiff, William F. Detwiller, brought, the nature and character of which is as follows:

That she did not employ the said plaintiff to attend the family of herself and her husband, and that he never rendered any medical services or furnished any medicine to her, or to her said family at her request and on the credit of her separate estate; but that the said services were rendered and medicine furnished to and on the credit of her husband, Samuel R. Weber, with whom the said William F. Detwiller had mutual dealings and accounts, which were adjusted on the hearing before the said Jacob Nickum, the justice before whom the said original action was brought, as appears by the record and transcripts thereof.

That the said record and transcript thereof does not primarily set forth that the said services were rendered and medicine furnished to this deponent or her family at her request and on her credit, or that the same were charged to her; but only that the

claim of the said plaintiff was "for medicine and medical attendance for the family."

That the said record and transcript of the said alleged judgment are further void and of no effect because it does not therein and thereby affirmatively appear that an execution was issued against Samuel R. Weber, the husband of the deponent, and duly returned that no property of the said Samuel R. Weber could be found; or that thereupon an alias execution was issued against her to be levied out of her separate estate, as required by law.

That the said transcript and the writ of scire facias thereon were prematurely and improperly proceeded upon in the court of common pleas of said county, the said entry of said transcript and the issuing of said writ of scire facias being without warrant in law, and wholly and entirely illegal and void, *ab initio,* as by the said transcript and record appears.

That the said transcript and record do not affirmatively show that the said action by the said William F. Detwiller was brought for the purpose of charging the separate estate of this deponent; or that she, this deponent, had notice or knowledge that she or her separate estate was so held and charged; or that the said William F. Detwiller, plaintiff, was by said justice, at the hearing, duly sworn to prove his claim; or that any other legal and competent evidence thereof was produced and heard by said justice in said action, as against her, the said Judith Weber, and her separate estate; or that she, the said Judith, had ever acknowledged the said indebtedness or promised to pay the same; or that the said medicine and medical attendance were furnished for the support of the family of the said husband and wife, to wit, the said Samuel R. Weber and Judith Weber, his wife; or that any legal proof whatsoever was made to or heard by the said justice that the said William F. Detwiller had any legal claim against her, the said Judith Weber, for medical services rendered and medicine furnished to the family of the said Samuel R. Weber and Judith Weber, his wife, upon the credit of the said Judith Weber and at her request; all which she expects to prove upon the trial of this cause.

By consent of plaintiff's attorneys, the following depositions were taken:

Judith Weber, sworn:

"I am one of the defendants in the suit in which the original

judgment was obtained. I knew the plaintiff, Dr. Detwiller; I never entered into a contract with Dr. Detwiller for medical attendance on my family; I never made a contract with him; I don't owe a cent, nor was I in any manner (indebted) at the time of bringing this suit; I never contracted with him. No summons was ever served on me in this case. I was not present at the hearing. I never knew there was a judgment against me until Esquire Nickum called on me to sign a revival. I refused to sign a revival, because I was not indebted to him, and he had nothing to do with me."

Mr. Jones, for plaintiff, states that he has no questions on cross-examination, but objects to the whole of the testimony, because incompetent and irrelevant for the reason the docket of the justice, Esquire Nickum, who gave judgment for the plaintiff in 1876, shows that defendants were summoned and that judgment was duly entered against the wife for necessaries according to the act of assembly, and makes the same objection to the testimony of the following witness:

Josephus Weber, sworn:

"I am a son of defendants and was present at the hearing. I saw Dr. Detwiller's books there. I looked at the entry of charge. I looked at the entry of my father's name, Saumel R. Weber, nothing there besides that. The whole account (was) charged to him. Mother's name not there. Nothing said about the wife; only a single charge against Samuel R. Weber and nobody else. My father made objections on account of the bill and it being over six years. My father mentioned it to the justice and I did to the esquire myself. My mother (was) not there. The bill (was) made on account of my sickness. I was a married man. I asked the doctor for the bill and he would not give to me."

Plaintiff entered a rule to show cause why judgment should not be taken for want of a sufficient affidavit of defense, which the court, after hearing, made absolute.

The assignments of error specified the action of the court in entering the judgment against Judith Weber for want of a sufficient affidavit of defense.

*Elisha Allis,* for plaintiff in error.—The judgment against Mrs. Weber was void as is shown by the transcript, which

sets forth the mutual dealings between the plaintiff and Mr. Weber. It recites that on demand each had produced "his" book of original entries against the other; that plaintiff claimed for medicine and medical attendance for the family. Defendant objects to $30, which was for "his" son's sickness, and a set-off for carpenter work done by him for plaintiff. Plaintiff admits there is a set-off.

For such a claim there should have been no recovery against the wife. Murray v. Keyes, 35 Pa. 384; Parke v. Kleeber, 37 Pa. 251; Sawtelle's Appeal, 84 Pa. 310; Hoff v. Koerper, 103 Pa. 396; Martin v. Renier, 11 W. N. C. 370.

The wife must contract in her own behalf. The evidence must clearly prove, and the pleadings aver it. Berger v. Clark, 79 Pa. 340, 345.

A joint purchase of necessaries is, in law, the contract of the husband alone. Rigoney v. Neiman, 73 Pa. 330.

The very essence of her liability is that the necessaries sued for were furnished at her request and on her credit. If not so furnished, her separate estate cannot be made liable. Sawtelle's Appeal, 84 Pa. 306, 311; Hecker v. Haak, 88 Pa. 238, 242.

When, therefore, as appears by the transcript, the plaintiff admitted the set-off, in the husband's right, he destroyed his case, as against the wife. Cummings v. Miller, 3 Grant Cas. 146; Wilson v. Renshaw, 91 Pa. 224; Hoff v. Koerper, 103 Pa. 398; Gould v. McFall, 111 Pa. 66, 2 Atl. 403.

A wife cannot be concluded from denying her appearance before the justice, by the entry, "parties appear," for she is not named. The depositions of the wife and the son were admissible to explain and limit the word "parties;" for nothing is taken against her by intendment or enlarged by construction. Bear v. Bear, 33 Pa. 527–529; Cummings v. Miller, 3 Grant Cas. 146; Parke v. Kleeber, 37 Pa. 251; Swayne v. Lyon, 67 Pa. 441; Gould v. McFall, 111 Pa. 66, 2 Atl. 403.

The judgment being void, the transcript brought nothing into the court of common pleas which gave it jurisdiction over the person or estate of Mrs. Weber, nothing on which it could act. Hecker v. Haak, 88 Pa. 238; Gould v. McFall, 111 Pa. 68, 2 Atl. 403.

There could therefore be no valid judgment against the wife, upon scire facias to revive it. Dorrance v. Scott, 3 Whart. 313,

314, 31 Am. Dec. 509; Caldwell v. Walters, 18 Pa. 82, 55 Am. Dec. 592; Duff v. Wynkoop, 74 Pa. 306.

A sale on such a judgment would not pass title. Swayne v. Lyon, 67 Pa. 436, 441; Hecker v. Haak, 88 Pa. 242; Hugus v. Dithridge Glass Co. 96 Pa. 160.

The court has power to strike off the judgment as to Mrs. Weber. Act June 24, 1885, P. L. 160; Collins v. Brown, County Rep. No. 14, 261.

A scire facias cannot be sustained upon a judgment obtained against a married woman and filed in the common pleas, unless it affirmatively appear that the debt was contracted by the wife, and for necessaries. Swayne v. Lyon, 67 Pa. 441; Glenn v. Bracey, 22 Pittsb. L. J. 183; Hecker v. Haak, 88 Pa. 242.

The plaintiff in error contends that the record of the justice shows that his judgment as to her was void; and being void, she can defend against it in whatever form it may present itself. Caldwell v. Walters, 18 Pa. 79, 55 Am. Dec. 592; Swayne v. Lyon, 67 Pa. 436, 441.

The same doctrine has been held in reference to mechanics' liens filed against the estates of married women. Lloyd v. Hibbs, 81 Pa. 306, and Schriffer v. Saum, 81 Pa. 385.

She therefore asks that the judgment of the court below be reversed as to her, and that she be allowed her costs. Murray v. Keyes, 35 Pa. 384.

The case is rested upon the alleged fraud in obtaining the original judgment. Hartman v. Ogborn, 54 Pa. 120, 93 Am. Dec. 679.

We insist that enough appears upon the face of this proceeding to raise the inference of fraud and mistake. Kaine v. Weigley, 22 Pa. 179; Hall v. Hamlin, 2 Watts, 354; Mitchell v. Kintzer, 5 Pa. 217, 218, 47 Am. Dec. 408.

A party cannot maintain inconsistent actions or claims for the same right. Pott's Appeal, 5 Pa. 500.

One cannot have mutual dealings with a husband, adjust accounts in a suit before a justice, and then take judgment for a balance claimed, against the wife. Berger v. Clark, 79 Pa. 343, 345.

The admission of a set-off by the plaintiff below, as recited in the transcript, conceded a right of action in the husband; and as a set-off can only be had where such an action could be sustained, the allowance of the set-off was practically a judg-

ment in favor of the wife. 2 Parsons, Contr. 6th ed. p. 742, 905; Naglee v. Ingersoll, 7 Pa. 185.

Especially is this true since the act of 1848. Mellinger v. Bausman, 45 Pa. 528, 529.

If it was a void judgment, she could attack it collaterally. Swayne v. Lyon, 67 Pa. 436–441.

*R. I. Jones* and *M. H. Jones,* for defendant in error.—The court was clearly right in entering judgment in favor of the plaintiff. Lacock v. White, 19 Pa. 495; Boyd v. Miller, 52 Pa. 431.

In sci. fa. the defendant cannot go behind the original judgment. Carr v. Townsend, 63 Pa. 202; Pittsburgh, C. & St. L. R. Co. v. Marshall, 85 Pa. 190; Steinman v. Henderson, 94 Pa. 315.

PER CURIAM:

This was a scire facias on a judgment. All the facts averred in the affidavits of defense are insufficient to defeat the action. The record of the former judgment shows that the justice had jurisdiction of the subject-matter and of the parties; and the matters now alleged cannot be retried on this scire facias.

Judgment affirmed.